**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARMANDO ROBERTO AROS,

  Plaintiff - Appellant,

v.

UNKNOWN FANSLER, CO, III; et al.,

  Defendants - Appellees.

No. 12-15339

D.C. No. 2:04-cv-00306-SRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

   Arizona state prisoner Armando Roberto Aros appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging denial of

equal protection related to his reclassification and placement in a maximum

security facility.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

novo summary judgment, *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003), and for an abuse of discretion the district court's pre-trial rulings, *Ahanchian v. Xenon Picutres, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010); (enlargement of time); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (discovery); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend). We affirm.

The district court properly granted summary judgment because Aros failed to raise a genuine dispute of material fact as to whether defendants singled out Aros for administrative reclassification or whether reclassifying absent a disciplinary charge based on security concerns was irrational. *See Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("class of one" equal protection claim requires arbitrary discrimination); *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (prison officials are given wide-ranging deference in trying to maintain institutional security).

The district court did not abuse its discretion by denying Aros's motions to compel because Aros failed to establish that the discovery he sought was relevant and subject to disclosure despite heightened privacy and security concerns, or that its denial caused substantial prejudice. *See Hallett*, 296 F.3d at 751 (decision to deny discovery will not be disturbed except upon the clearest showing of actual and substantial prejudice).

The district court did not abuse its discretion by denying Aros's motion for leave to amend his third amended complaint because it was untimely and relied on information discovered much earlier, and amendment would have been both futile and prejudicial. *See Chodos*, 292 F.3d at 1003 (discretion to deny leave to amend is particularly broad where plaintiff has previously obtained such leave).

The district court did not abuse its discretion by partially denying Aros's repeated requests for extensions of time to oppose summary judgment because Aros failed to establish good cause for such lengthy extensions or excusable neglect for filing his opposition more than a month after the twice-extended deadline. *See Ahanchian*, 624 F.3d at 1258-60 (discussing factors to consider in ruling upon a motion to extend under Fed. R. Civ. P. 6(b)).

Aros's contention regarding defendants' alleged retaliation involving his recent validation as a gang member are unsupported by the record and beyond the scope of this action, and his contention that the district court should have conducted an in camera inspection of documents subject to his discovery motions is unpersuasive.

**AFFIRMED.**

12-15339